**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
GARISAN ETIKA (M) SDN BHD,

                              Plaintiff,

     v.                                               No. 11-CV-96
                                                            (GTS/CFH)
ROBERT F. NAPLES ASSOCIATES INC.,

                              Defendant.
------------------------------------------------------------------

## REPORT-RECOMMENDATION AND ORDER

Plaintiff corporation, Garisan Etika (hereinafter "GEM"), brought a diversity action pursuant to 28 U.S.C. § 1332(a)(2) against defendant, Robert F. Naples Associates (hereinafter "RFN"), for a breach-of-contract claim. Compl. (Dkt. No. 1). Currently pending before the Court is RFN's second motion for sanctions seeking an order of dismissal. Dkt. No. 89. GEM has not responded to the pending motion. For the following reasons, it is recommended that the motion for sanctions is granted.

## I. Background

As previously described in an earlier Memorandum-Decision and Order,

> this action arises from a failed commercial transaction between [GEM] (a Malaysian corporation) and [RFN] (a New York corporation), in which [GEM] was to purchase from [RFN], for $1.9 million, two gas turbine engines in or around January of 2011, which [GEM] was then to use in designing and operating a power plant in Bangladesh at some point thereafter.

Dkt. No. 25 at 2. GEM's first set of counsel filed the present action in the Northern District of New York on January 26, 2011. Compl. Immediately thereafter, GEM filed motions for a temporary restraining order and preliminary injunction and sought expedited discovery. Dkt.

No. 5. Hon. Glenn T. Suddaby set an expedited briefing schedule and heard oral arguments on February 7, 2011. Dkt. No. 24. By Memorandum-Decision and Order, all GEM's applications to the Court were denied. Dkt. sheet entry dated 1/28/2011; Dkt. No. 25.

Subsequently, a scheduling order was issued for the progression of the case. Dkt. No. 3. Parties were to submit a civil case management plan on May 23, 2011 in anticipation of the Rule 16 Conference to occur on June 6, 2011. Id. Counsel for RFN contacted GEM's first set of counsel on May 10, 2012 in order to meet and confer about the deadlines. Finn Decl. (Dkt. No. 75-2) ¶ 5. On May 23, 2011, the day the civil case management plan was due, GEM's first set of counsel made a motion to withdraw based upon GEM's "non-cooperation and non-payment." Id.;[1] see also Dkt. No. 31. The motion was ultimately granted and on July 19, 2011, GEM's second set of counsel filed their notices of appearances in the case. Dkt. Nos. 36-38. 40-51.

On September 26, 2011, a Rule 16 conference was held whereupon the discovery deadline was set for July 1, 2012. Dkt. No. 61. On February 14, 2012, a mid-discovery conference was held whereupon the parties were reminded of the discovery deadline. Dkt. sheet entry for 2/14/12. "On March 7, 2012, RFN served a Notice to Take Deposition together with a demand for documents upon GEM. . . The deposition was noticed for GEM's managing director, to be held on May 1, 2012." Finn Decl. ¶ 8; see also Notice of Dep. (Dkt. No. 75-2 at 9-10). Around March 23, 2012, GEM's second set of counsel asked RFN

---

[1] On September 8, 2011, GEM's first set of counsel filed a motion for attorney fees. Dkt. No. 59. That motion was granted on October 31, 2011 and GEM was ordered to pay $57,437.51 plus interest. Dkt. No. 62.

to postpone the deposition because of GEM's client's travel schedule. Finn Decl. ¶ 9. On May 8, 2012, counsel for RFN reached out to GEM's second set of counsel, seeking a date certain upon which to notice the deposition. Finn Decl. ¶ 10; Dkt. No. 75-2 at 12. On June 15, 2012, without receiving a response, RFN's counsel contacted the Court seeking guidance about incomplete document demands and GEM's refusal to commit to a date for taking the deposition. Finn Decl. ¶ 11; Dkt. No. 63.

After a July 28, 2012 on-the-record conference, the Court issued an order (1) directing GEM to supplement several interrogatory and document responses by July 26, 2012; (2) precluding GEM from supplementing its expert disclosures; and (3) extending the discovery deadline through October 1, 2012. Dkt. No. 66. GEM supplemented its discovery responses pursuant to the Court's direction, but "the production was not complete as there were several missing pages, cut-off pages, and missing attachments." Finn Decl. ¶ 13. RFN's counsel provided correspondence to GEM's second set of counsel outlining the alleged deficiencies and again seeking a date certain for which to notice GEM's representative's deposition. Finn Decl. ¶ 13; see also Dkt. No. 67-2. Without receiving a response from GEM, RFN's counsel again sought Court intervention to resolve the discovery dispute. Dkt. No. 67.

On September 21, 2012, another on-the-record conference was conducted whereupon the "[c]ounsel for GEM stated that he had difficulties communicating with his client [yet] . . . stated that his client would be available for a deposition by October 25, 2012." Finn Decl. ¶ 17. The Court again extended discovery, for a final time absent extraordinary circumstances, through November 1, 2012. Dkt. No. 69. RFN's counsel indicated, and the undersigned acknowledged, that if GEM's counsel failed to produce its client for a

deposition before the end of the discovery period RFN would move for dismissal.  Finn Decl. ¶ 17.

On October 16, 2012, RFN sent GEM's second set of counsel a letter advising them of the service of a non-party subpoena and seeking confirmation of a date upon which GEM's witness would be available for a deposition.  Finn Decl. ¶ 18.  GEM's counsel did not respond to the letter and instead, on October 24, 2012, filed a motion to withdraw as counsel based upon GEM's continued non-cooperation as well as a motion to extend the time for discovery.  Finn Decl. ¶ 19; Dkt. Nos. 70, 73.  RFN responded with a motion for sanctions.  Dkt. No. 75.  All motions were opposed.  Dkt. Nos. 74, 76, 77, 84.  On November 19, 2012, in its responding papers, GEM's second set of counsel indicated that it had recently received from GEM and provided RFN's counsel with additional documents and better copies of the documents it had previously produced, thus completely complying with RFN's discovery demands.  Pl. Memorandum of Law (Dkt. No. 84) at 4-5.

An on-the-record conference was conducted on November 27, 2012 whereupon counsel for both parties presented oral arguments for all aforementioned motions.  On December 13, 2013, the Court issued a Memorandum-Decision and Order, (hereinafter "The December Order") ordering that (1) RFN's motion for sanctions was denied; (2) the joint motion from GEM's second set of counsel to withdraw was granted; (3) GEM was given until January 14, 2013 to appear represented by counsel; (4) in the event GEM did not appear represented by counsel, RFN would be granted permission to seek an order of dismissal; and (5) assuming GEM retained a third set of counsel, the discovery deadline would be extended as outlined in the December Order so that GEM's representative could appear for a deposition.  The December Order (Dkt. No. 87) at 9-10.  The Court specifically

articulated that GEM could not appear pro se, must retain counsel, and "[s]hould GEM fail to appear represented by counsel within the time ordered by the Court, defendants [we]re granted permission to seek an order of dismissal." Id. at 6. The present motion followed.

To date, no counsel has filed a notice of appearance on GEM's behalf. A representative from GEM has filed multiple requests for extensions of time to attempt to obtain counsel. Dkt. Nos. 88, 93, 94. All requests have been denied with renewed reminders to the representative that a plaintiff corporation cannot appear pro se. Dkt. Sheet Text Order entries dated 1/15/2013; 1/28/2013; 2/20/2013; see also The December Order at 6.

## II. Discussion

Pursuant to the Federal Rules of Civil Procedure, sanctions may be awarded where parties fail to (1) comply with court orders, (2) supplement or disclose discovery, or (3) attend their own depositions. FED. R. CIV. P. 37(b)-(d). Such sanctions can include (1) an order establishing facts; (2) an order precluding evidence, issues or claims; (3) an order striking a pleading; (4) staying proceedings; (5) dismissing the action; or (6) rendering a default judgment against the disobedient party. Id. (b)(2)(A)(i-vi) & (d)(3).

A district court has broad discretion to impose sanctions. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted). Dismissal and default are drastic remedies which should generally only be used when lesser sanctions would be inappropriate. Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). However, discovery orders are meant to be complied with thus dismissal is justified when the non-compliance was attributed to wilfulness, bad faith, or fault of the offending party. Id. (citations omitted). In deciding an appropriate

sanction, the court may consider the full record of the case to determine "the wilfulness of the non-compliant party or the reason for the noncompliance; . . . the efficacy of lesser sanctions; . . . the duration of the period of noncompliance; and . . . whether the non-compliant party had been warned of the consequences of his non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing inter alia Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54) (2d Cir. 1995)).  The goal of sanctions is to "ensure that a party will not benefit from its own failure to comply . . . [act as] specific deterrents and seek to obtain compliance with the particular order issued [and] . . . serve [as] a general deterrent on the case at hand and on other litigation . . . ." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

RFN renews its motion for sanctions, specifically dismissal, based on GEM's continued failure to comply with court orders regarding securing representation, producing and supplementing discovery demands, and producing a GEM representative for a deposition. In the December Order, the Court made it unequivocally clear that (1) GEM could not appear pro se and required representation by an attorney; (2) without representation, GEM's complaint could be dismissed; (3) without complying the Court's direct orders to produce GEM's representative for a deposition within the time period outlined by the December Order, GEM's complaint could be dismissed; and (4) given any prior ambiguity in the record, the Court was taking this final opportunity to state its expectations and order lesser sanctions allowing GEM one last chance to appropriately engage in litigation and avoid dismissal.  To date, the record shows that since the December Order, GEM has failed to secure representation and thus has also been unable to supplement prior discovery demands or coordinate for its representative's deposition.

-6-

It is well settled "that a corporation may appear in the federal courts only through licensed counsel." See e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993) (citations omitted). The Second Circuit has repeatedly held dismissal as an appropriate remedy for cases in which a corporation has failed to retain representation despite explicit direction to do so from the court. See Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) (upholding rationale that the rule that corporations must be represented "is well settled" and "has been applied to dismiss any action or motion filed by a corporation purporting to act pro se," thus resulting in the termination of cases "where a corporation repeatedly fails to appear by counsel . . . .") (internal quotation marks and citations omitted); Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308-1310 (2d Cir. 1991) (affirming entry of default judgment where plaintiff "willfully disregarded the district court's order [to obtain counsel.]"); see also City of New York v. Michalis Pawn Shop, LLC, 645 F.3d 114, 130 (2d Cir. 2011) (entering default judgment against defendants for failing to (1) participate in their defenses, even after a court order warned that such continued failures would result in dismissal, and (2) "retain[] a substitute [counsel after the prior counsel withdrew].") (citations omitted); Price v. Priority Transportation, LLC, No. 07-CV-6627CJS, 2011 WL 601592, at *1 (W.D.N.Y. Jan. 26, 2011) (Dkt. No. 89-2 at 4-5) (granting default judgment against a defendant corporation who failed to comply with a court order to retain new counsel within two weeks); Reagan v. Jennifer Matthew Nursing & Rehab. Ctr., No. 07-CV-6150P, 2010 WL 2869551, at *1 (W.D.N.Y. July 20, 2010) (Dkt. No. 89-2 at 6-7) (same); R. Maganlal & Co. v. M.G. Chem. Co., No. 88-CV-489 (MJL/THK), 1996 WL 715526, at *1-2 (S.D.N.Y. Dec. 12, 1996) (determining default judgment was appropriate where defendant corporation failed to comply with a court order granting it thirty-five days to find new

representation).

The same such facts are present in the instant case. Despite multiple warnings from the Court that GEM cannot proceed pro se and that failure to retain representation will result in defendant being able to move for sanctions including dismissal, no notice of appearance has been filed on GEM's behalf. As the court-ordered time limit for retaining counsel has expired, as well as an additional month passing without GEM securing representation, GEM remains in direct violation of the December Order. "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Baba v. Japan Travel Bureau Intern., Inc., 165 F.R.D. 398, 402-403 (S.D.N.Y. 1996) (citation omitted). There is no question that the Court was crystal clear with its expectations, as well as the consequences of failing to retain representation and continue to engage in this litigation, in its December Order. Thus, GEM had ample notification of the trajectory of this suit in the event it failed to retain representation and its failure to comply with the December Order can be considered wilful. Moreover, there have been no arguments that either GEM failed to understand the Court's directive or that its non-compliance has been due to factors outside of its control.

Furthermore, the Court has attempted to issue lesser sanctions in the past including compelled discovery responses, discovery extensions, preclusion of expert testimony, and explicit warnings that continued failures would result in more severe sanctions. However, issuance of such did not help to insure the continued compliance of GEM or the progression of the case. Accordingly, at this point, dismissal appears to be the only appropriate sanction. Additionally, such a sanction is consistent with the stated goals of Rule 37, in

essence preventing GEM from gaining a benefit from its repeated failures to comply with court orders and serving as both a specific deterrent for GEM and general deterrent for litigants globally.

Wherefore, it is hereby:

1. **RECOMMENDED** that RFN's second motion for sanctions (Dkt. No. 89) be **GRANTED** with respect to dismissal of the case for GEM's failure to comply with the Court's December Order; and it is further

2. **RECOMMENDED** that GEM's complaint be **DISMISSED WITH PREJUDICE**; and it is further

3. **ORDERED** that the Clerk serve a copy of this Order on GEM in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: March 4, 2013
          Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge