UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARISAN ETIKA (M) SDN BHD,

                        Plaintiff,

                                                                                 1:11-CV-0096
v.                                                                                  (GTS/CFH)

ROBERT F. NAPLES ASSOCIATES INC.,

                        Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

GARISAN ETIKA (M) SDN BHD
  Plaintiff, *Pro Se*
14029 Barkley Street
Overland Park, KS 66223

HACKER MURPHY, LLP                             RYAN M. FINN, ESQ.
  Counsel for Defendant
7 Airport Park Boulevard
Latham, NY 12110-0104

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this breach-of-contract action filed by Garisan Etika (M) Sdn Bhd ("Plaintiff") against Robert F. Naples Associates Inc. ("Defendant"), are Defendant's second motion for sanctions pursuant to Fed. R. Civ. P. 37 seeking the dismissal of Plaintiff's Amended Complaint with prejudice (Dkt. No. 89), United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 95), and Plaintiff's Objections to the Report-Recommendation (Dkt. No. 96). For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety, Defendant's motion is granted, and Plaintiff's Amended Complaint is

dismissed with prejudice.

## I. RELEVANT BACKGROUND

### A. Procedural History

Both Defendant (in its motion papers) and Magistrate Judge Hummel (in his Report-Recommendation) have accurately recited the relevant portions of the procedural history of this action. (Dkt. No. 89, Attach. 1, at 2-7 [attaching pages "2" through "6" of Def.'s Memo. of Law]; Dkt. No. 95, at 1-5 [Report-Recommendation].) Furthermore, Plaintiff has not specifically challenged that recitation in either a response to Defendant's motion (which he did not file) or his Objections to Magistrate Judge Hummel's Report-Recommendation. (*See generally* Dkt. No. 96.) As a result, for the sake of brevity, the Court will not repeat that procedural history in this Decision and Order, which is intended primarily for the review of the parties.

### B. Briefing on Defendant's Motion for Sanctions

Generally, in its motion, Defendant argues that the sanction of dismissal with prejudice is appropriate for the following five reasons: (1) Plaintiff has violated three subdivisions of Fed. R. Civ. P. 37, by (a) willfully and intentionally failing to appear at a deposition after having received proper notice, (b) willfully and intentionally failing to supplement discovery responses and complete discovery, and (c) disobeying a Court Order directing him to appear *by counsel* in this proceeding (as Plaintiff is required to do so under the law); (2) Plaintiff's delays have prejudiced Defendant; (3) the Court has explicitly warned Plaintiff that his continued failures would result in dismissal; (4) the Court has unsuccessfully attempted to use lesser sanctions (such as the preclusion of expert testimony); and (5) Plaintiff's *pro se* letter filed on January 14,

2013, requesting an additional extension of time to comply with the Court's Order directing it to obtain counsel is insufficient to avoid dismissal under the circumstances. (Dkt. No. 89, Attach. 1, at 7-11 [attaching pages "6" through "10" of Def.'s Memo. of Law].)

Plaintiff failed to file a response to Defendant's motion, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

### C. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel recited the relevant procedural history of this action, the various sanctions appropriate pursuant to Fed. R. Civ. P. 37, the factors to be considered by a court in deciding whether to impose those actions, the legal and factual arguments asserted by Defendant in its motion, the Court's prior orders in this action, Plaintiff's violations of those orders, the legal prohibition against a corporation proceeding pro se in federal court, and the Court's attempts to issue lesser sanctions (including orders compelling discovery, preclusion of expert testimony, and explicit warnings of more severe sanctions). (Dkt. No. 95.) After applying the facts of the case to the relevant legal standards, Magistrate Judge Hummell recommended that Defendant's motion be granted, and Plaintiff's Amended Complaint be dismissed with prejudice. (*Id.*) A greater familiarity with the findings and recommendations of Magistrate Judge Hummel's Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties.

### D. Plaintiff's Objections

Generally, in its Objections–filed *pro se*–Plaintiff argues that the Court should reject Magistrate Judge Hummel's Report-Recommendation for 14 reasons: (1) that Plaintiff has been

seriously harmed by Defendant in the commercial transaction giving rise to this action; (2) Defendant's asserted grounds for dismissal are mere "technicalities," and concern circumstances that are "beyond the control" of Plaintiff; (3) because discovery is "almost nearly completion," this case can still be tried as scheduled, in June of 2013; (4) Plaintiff has continuously and diligently tried to comply with its obligations in this case; (5) Plaintiff is not responsible for the withdrawal of its second counsel, which apparently was due to Plaintiff's justifiable "non-payment" of its legal fees; (6) Plaintiff has diligently but unsuccessfully tried to comply with the Court's December 2012 directive to obtain new counsel; (7) while Plaintiff did engage a third counsel, that counsel demanded an "unethical" fee; (8) Plaintiff has previously submitted letters demonstrating its extensive efforts to obtain counsel; (9) Plaintiff has provided sufficient discovery to date and, to the extent that it has failed to do so, that failure is due to circumstances beyond its control; (10) again, Plaintiff has been seriously harmed by Defendant in the commercial transaction giving rise to this action; (11) indeed, Defendant has committed a "very serious breach of trust" by confusing the model time and serial number of gas turbine in question; (12) Plaintiff has confirmed the confusion cased by Defendant through a report prepared by a specialist; (13) Defendant is disingenuously "behav[ing] as innocent," when in fact it is the aggrieving party; and (14) because Plaintiff has incurred such heavy losses due to the failed business transaction giving rise to this action, Plaintiff is struggling to retain counsel. (Dkt. No. 96.)

## II.     GOVERNING LEGAL STANDARDS

### A.     Standard of Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

---

[1]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### B.  Legal Standard Governing a Motion for Sanctions

Both Defendant (in its motion papers) and Magistrate Judge Hummel (in his Report-Recommendation) have accurately recited the legal standard governing Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 37 (as well as the prohibition against corporations being represented *pro se* in federal court).  (Dkt. No. 89, Attach. 1, at 7-14 [attaching pages "6" through "13" of Def.'s Memo. of Law]; Dkt. No. 95, at 5-8 [Report-Recommendation].) Furthermore, Plaintiff has not specifically challenged that recitation in either a response to Defendant's motion (which, again, he did not file) or his Objections to Magistrate Judge Hummel's Report-Recommendation.  (*See generally* Dkt. No. 96.)  As a result, for the sake of brevity, the Court will not repeat that legal standard in this Decision and Order, which is intended primarily for the review of the parties.

### C.  Legal Standard Governing an Unopposed Motion

In this District, where a non-movant has failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of the motion), the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[6]  Stated another

---

[6]  N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown."); *see, e.g., Beers v. GMC*, 97-CV-0482, 1999 WL 325378, at *8-9 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession


way, where a defendant has properly filed a memorandum of law (in support of a properly filed motion), and the plaintiff has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the defendant's memorandum of law are facially meritorious.[7] A defendant's burden in making legal arguments that are facially meritorious has

appropriately been characterized as "modest."[8] This rule applies even when the non-movant is

---

by plaintiff that the court should exclude [the expert's] testimony" on that ground); *Frink Am., Inc. v. Champion Road Machinery, Ltd.*, 48 F. Supp. 2d 198, 209 (N.D.N.Y.1999) (McAvoy, C.J.) ("Plaintiff does not address these claims in his opposition papers, leading the Court to conclude that it has abandoned them.") (collecting cases); *Niles v. Nelson*, 72 F. Supp.2d 13, 22 (N.D.N.Y.1999) (McAvoy, C.J.) (holding that when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

[7] *See Hernandez v. Nash*, 00-CV-1564, 2003 WL 22143709, at *2 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (stating that, before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is facially meritorious") [citations omitted], *adopted by* Decision and Order (N.D.N.Y. filed Sept. 30, 2003) (Scullin, C.J.); *accord, Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 WL 911891, at *7 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 WL 894375, at *2 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 WL 951447, at *6 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 WL 969576 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 WL 3940592, at *2 & n. 2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 WL 189021 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[8] *See Ciaprazi v. Goord*, 02-CV-0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest"); *accord, Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1109-10 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*,

proceeding *pro se*.[9]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[10]

---

96-CV-1269, 1997 WL 640982, at *1 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers), *adopted by* 980 F. Supp. 106, 106 (N.D.N.Y.1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-0989, 1996 WL 589372, at *2 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 1996 WL 589372 (N.D.N.Y.1996) (Pooler, J.).

[9]   *See, e.g., Cossey v. David*, 04-CV-1501, 2007 WL 3171819, at *4 & nn. 19–20 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J., adopted by Scullin, J.); *Sledge*, 2007 WL 951447, at *5 & nn. 38-39; *Kele*, 2006 WL 3940592, at *2 & n.2; *Saunders*, 2006 WL 3051792, at *9 & n.58; *Hernandez*, 2003 WL 22143709, at *2.

[10]   *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a pro se litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("*[P]ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them .") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

**III.   ANALYSIS**

As an initial matter, the Court finds that, because the Objections of Plaintiff (a corporation) were filed *pro se*, they should not be considered by the Court. Indeed, considering those Objections would violate the prohibition against corporations proceeding *pro se* in federal court. In any event, even if the Court were to consider those Objections, and the Court were to construe them with the utmost of special liberality, the Court would be unable to find in them any specific challenge to any portion of Magistrate Judge Hummel's Report-Recommendation. (*Compare* Dkt. No. 96 *with* Dkt. No. 95.)

For each of these two alternative reasons, the Court reviews that Report-Recommendation for only clear error. *See, supra,* Part II.A. of this Decision and Order. After carefully doing so, the Court can find no clear error in the Report-Recommendation. Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein. *See, supra,* Part I.C. of this Decision and Order.

The Court would add only two brief points.

First, Magistrate Judge Hummel's thorough and correct Report-Recommendation would survive even a *de novo* review. Because Plaintiff failed to oppose Defendant's motion, the issue presented to Magistrate Judge Hummel was whether Defendant's motion possessed facial merit. *See, supra,* Part II.C. of this Decision and Order. Clearly, Defendant's motion did posses facial merit, reciting the correct legal standards and properly applying the facts of the case to those standards. (Dkt. No. 89, Attach. 1 [Def.'s Memo. of Law].) Even if the Court were to subject Defendant's motion to the more-rigorous scrutiny appropriate for a contested motion, the Court

would agree with Magistrate Judge Hummel that the motion should be denied, for the reasons offered by both Defendant and Magistrate Judge Hummel.  *See, supra,* Parts I.B. and I.C. of this Decision and Order.

Second, while ordinarily the Court might dismiss a plaintiff's operative pleading only without prejudice in the general circumstance presented by this case, here, the Court finds that a dismissal with prejudice is appropriate for the reasons stated by Defendant and Magistrate Judge Hummel.  *See, supra,* Parts I.B. and I.C. of this Decision and Order.  Indeed, if anything, Plaintiff's Objections–which alternately disclaim past procedural violations and claim an inability to avoid future procedural violations–re-enforce the Court's conclusion that permitting Plaintiff to relitigate this action at some point in the future would be futile.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 95) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's second motion for sanctions pursuant to Fed. R. Civ. P. 37 (Dkt. No. 89) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 27) is **DISMISSED with prejudice**.

Dated: June 6, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge